**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE: HYDROXYCUT MARKETING AND SALES PRACTICES LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br>**ALL ACTIONS** | )<br>)<br>)<br>)  MDL No. 2087<br>)  09-md-2087-BTM (AJB)<br>)<br>)<br>) |

**ORDER RE APPOINTMENT OF THE PERSONAL INJURY**
**PLAINTIFFS' STEERING COMMITTEE**

Upon the Amended Proposal submitted by Gayle M. Blatt, serving as Acting Liaison Counsel for Personal Injury Plaintiffs, and it appearing to the Court that the appointment of a Plaintiffs' Steering Committee in the Personal Injury Cases is necessary to the efficient administration of this case it is hereby ORDERED as follows:

**1.   APPOINTMENT OF PLAINTIFFS' LIAISON COUNSEL**

A. The Court hereby appoints the following attorney to the position of Plaintiffs' Liaison Counsel:

> Gayle M. Blatt
> Casey Gerry Schenk Francavilla Blatt & Penfield, LLP
> 110 Laurel St.
> San Diego, CA 92101
> Ph: (619) 238-1811

B. Plaintiffs' Liaison Counsel is charged with the following administrative functions in addition to those functions required of Plaintiffs' Steering Committee members as set forth in Section 2 below. At a minimum, Plaintiffs' Liaison Counsel shall have the following responsibilities:

1. To receive and distribute pleadings, orders, and motions on behalf of all personal injury Plaintiffs;

2. To coordinate service and filings;

3. Periodically to review the attorney service list on the Court's website, promptly communicate necessary revisions to the Clerk and effectuate required revisions in accordance with direction from the Clerk;

4. To coordinate, establish or maintain a document repository, real or virtual, to be available to all participating plaintiffs' counsel;

5. To maintain complete files with copies of all documents served by or upon her in hard copy or electronic form. Liaison counsel shall make such files available at reasonable hours to Plaintiffs' counsel of record upon request.

6. To receive orders and notices from the Judicial Panel on Multidistrict Litigation pursuant to Rule 5.2(e) of the Panel's Rules of Procedure or from the Court on behalf of all personal injury Plaintiffs;

7. To carry out such other duties as the Court may order.

**2. PLAINTIFFS' STEERING COMMITTEE.**

A. The Court hereby appoints the following counsel to the Plaintiffs' Steering Committee ("PSC"):

    Anne Andrews
    Andrews & Thornton
    2 Corporate Park, Suite 110
    Irvine, California 92606
    Ph: (949) 748-1000

///

///

///

| | |
|---|---|
| 1 | C. Carter Clay |
| 2 | Chris Hellums<br>Pittman, Dutton, Kirby & Hellums, P.C. |
| 3 | 2001 Park Place North Suite 1100<br>Birmingham, Alabama 35203 |
| 4 | Ph: (205) 322-8880 |
| 5 | Martin D. Crump |
| 6 | Davis & Crump<br>1712 15th St. |
| 7 | Gulfport, MS 39501<br>Ph: (800) 277-0300 |
| 8 | |
| 9 | Annesley DeGaris<br>Cory, Watson, Crowder & DeGaris, P.C. |
| 10 | 2131 Magnolia Avenue<br>Birmingham, AL 35205 |
| 11 | Ph: (800) 852-6299 |
| 12 | Joseph Dunn (Co-Lead Counsel) |
| 13 | 1324 N. Broadway<br>Santa Ana, CA  92706 |
| 14 | Ph:  (714) 560-7251 |
| 15 | Richard J. Hood (Co-Lead Counsel) |
| 16 | Andrus Boudreaux, PLC<br>1999 Broadway, Suite 4150 |
| 17 | Denver, CO 80202<br>Ph: (303) 376-6360 |
| 18 | |
| 19 | Ellen Relkin<br>Weitz & Luxenberg, P.C. |
| 20 | 700 Broadway<br>New York, New York 10003 |
| 21 | Ph: (212) 558-5715 |
| 22 | Christopher A. Seeger |
| 23 | Jeff Grand<br>Seeger Weiss LLP |
| 24 | One William Street<br>New York, NY 10004 |
| 25 | Ph: (212) 584-0700 |
| 26 | /// |
| 27 | /// |
| 28 | |

- 3 -

09-md-2087-BTM (AJB)

```
Fred Thompson, III
Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Ph: (843) 216-9118

Mark Zamora
Mark Zamora & Associates
5 Concourse Parkway, Suite 2350
Atlanta, GA 30328
Ph: (404) 451-7781

Roger W. Orlando
The Orlando Firm, P.C.
315 West Ponce De Leon Ave., Ste. 400
Decatur, GA 30030
Ph: (404) 373-1800
```

B.  The Court hereby charges the PSC with the following responsibilities:

**1. General. The PSC shall:**

    a.  Determine and present to the Court and opposing parties the position of the personal injury Plaintiffs on all coordinated matters arising during pretrial proceedings;

    b.  Coordinate the initiation and conduct of discovery for the common benefit of the personal injury Plaintiffs;

    c.  Submit, where needed, additional committees and counsel for designation by the Court; and

    d.  Perform other such duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities.

2. **Discovery. The PSC shall:**

   a. Initiate, coordinate, and conduct all pretrial discovery on behalf of personal injury plaintiffs in all actions which are consolidated with the instant Multidistrict Ligation;

   b. Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all personal injury plaintiffs;

   c. Cause to be issued in the name of all personal injury plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the trial of relevant issues. Similar requests, notices, and subpoenas may be caused to be issued by the PSC upon written request by an individual attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's particular claims;

   d. Conduct all discovery in a coordinated and consolidated manner on behalf of and for the benefit of all plaintiffs, in a fashion in keeping with practice guidelines to be established in subsequent discovery plans or orders of this Court.

3. **Hearings and Meetings. The PSC shall:**

   a. Call meetings of plaintiffs' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the Court;

   b. Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings;

    c. Examine witnesses and introduce evidence at hearings on behalf of plaintiffs;

    d. Act as spokesperson for all personal injury plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject to the right of any plaintiff's counsel to present non-repetitive, individual or different positions.

**4. Miscellaneous. In addition, the PSC shall:**

    a. Submit and argue any verbal or written motions presented to the Court or Magistrate Judge on behalf of the PSC as well as oppose, when necessary, any motions submitted by the defendants or other parties that involve matters within the sphere of the responsibilities of the PSC;

    b. Negotiate and enter into stipulations with defendants regarding this litigation. All such stipulations entered into by the PSC, except for purely administrative details such as scheduling, shall be submitted to the Court for approval and will not be binding unless and until the Court has ratified the stipulation.  Any attorney not in agreement with a non-administrative stipulation may file with the Court a written objection thereto within ten (10) business days after he or she knows or reasonably should have become aware of the stipulation. Failure timely to object shall be deemed a waiver, and the stipulation shall bind the dilatory party;

    c. Explore, develop and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation;

    d. Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by plaintiffs or their attorneys;

    e. Prepare periodic status reports summarizing the PSC's work and progress. These reports shall be submitted to the Plaintiffs' Liaison Counsel, who will promptly distribute copies to the other plaintiffs' attorneys;

    f. Perform any task necessary and proper for the PSC to accomplish its responsibilities as defined or authorized by the Court's orders;

    g. Perform such other functions as may be expressly authorized by further orders of this Court;

5. **Reimbursement**.

Plaintiffs' Liaison Counsel, Executive Committee and PSC members shall be entitled to seek reimbursement for fees and costs expended in the performance of their duties at the time and in a manner approved by the Court.

IT IS SO ORDERED.

Dated: March 11, 2010_____

_____
HONORABLE BARRY TED MOSKOWITZ
UNITED STATES DISTRICT COURT JUDGE

- 7 -

09-md-2087-BTM (AJB)